NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JD BALL, *Plaintiff/Appellant,*

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees.*

No. 1 CA-CV 24-0353

FILED 10-02-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-006544
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

JD Ball, Scottsdale
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Jennifer Rethemeier, Julie M. Rhodes
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Samuel A. Thumma joined.

**C A T T A N I**, Judge:

**¶1**　　　　JD Ball appeals from the superior court's judgment dismissing his claims against the State of Arizona, the Department of Child Safety ("DCS"), and several state employees. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　Ball and his ex-wife, Lisa Swansen, divorced in 2017. The decree gave them joint legal decision-making authority and equal parenting time for their four children. DCS removed one child from their care the next year. A year later, Swansen petitioned to modify legal decision-making and parenting time as to their nearly 17-year-old daughter, the only remaining minor child. After a trial at which the court considered several police reports, DCS's 2018 dependency petition, and other evidence, the court gave Swansen sole legal decision-making authority and ordered that the daughter would live with Swansen, granting Ball parenting time only at the daughter's discretion. The family court entered judgment on December 15, 2020.

**¶3**　　　　In October 2021, Ball sued the State, DCS, the Foster Care Review Board ("FCRB"), and several individual state employees (as well as his ex-wife) for defamation and other torts in Maricopa County Superior Court case number CV2021-016438. The superior court dismissed that complaint without prejudice for failure to prosecute. Final judgment was entered on October 25, 2022.[1]

**¶4**　　　　On April 28, 2023, Ball filed a similar complaint against those same defendants, later adding as a defendant the judge who issued the December 2020 ruling. Based on allegations that DCS and related parties made and relied on false reports about him that were later used in the family case, Ball raised substantially similar claims to those asserted in his 2021 complaint: aiding and abetting tortious conduct, defamation, "wrongful child removal," abuse of process, intentional infliction of emotional distress, "negligent hiring, retention, and/or supervision,"

---

[1]　　　　We take judicial notice of the record in Maricopa County Superior Court case CV2021-016438, including the October 2022 minute entry stating that dismissal was based on Ball's failure to timely serve the defendants. *See State Farm Mut. Auto. Ins. Co. v. Frank*, 257 Ariz. 255, 265, ¶ 45, n.2 (App. 2024) (proper to take judicial notice of filings in a related case).

criminal false reporting of child abuse or neglect, and "deprivation of civil rights, and due process of law" under 42 U.S.C. § 1983.

¶5         The State and DCS moved to dismiss under Rule 12(b)(6) of the Arizona Rules of Civil Procedure for failure to state a claim, arguing (among other deficiencies) that Ball's complaint did not allege sufficient facts to support the claims and that, in any event, the claims were time-barred and not salvaged by the savings statute. Nine individual defendants moved to dismiss on those and additional grounds. Ball opposed.

¶6         The superior court dismissed the case with prejudice as to all moving defendants on multiple grounds, specifically noting that Ball's complaint relied on conclusory statements without adequate factual allegations and that leave to amend would be futile because all claims were time-barred. The superior court later dismissed Ball's complaint without prejudice for lack of prosecution as to all other named defendants, and judgment was entered under Rule 54(c). Ball appealed the dismissals with prejudice, and we have jurisdiction under A.R.S. § 12-2101(A)(1). *See* ARCAP 9(c) (premature notice of appeal treated as filed on date of entry of appealable judgment).

## DISCUSSION

¶7         We review dismissal of a complaint under Rule 12(b)(6) de novo as a question of law. *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶¶ 7–8 (2012). Dismissal on this basis is appropriate only if, assuming the truth of all well-pleaded factual allegations, the plaintiff nevertheless would not be entitled to relief "under any interpretation of the facts susceptible of proof." *Id.* at 356, ¶¶ 8–9 (citation omitted). "[M]ere conclusory statements" do not suffice. *Id.* at ¶ 9.

¶8         Ball argues that the superior court erred by dismissing his complaint because his factual allegations were sufficient and his claims were not time-barred. The latter issue is dispositive here. *See Normandin v. Encanto Adventures, LLC*, 246 Ariz. 458, 460, ¶ 8 (2019) (addressing only a dispositive issue, not additional arguments).

¶9         In Arizona, any claim against a public entity or employee must be brought within one year after the cause of action accrues, i.e., when the damaged party knows or should know that he or she was injured and the cause of the injury. A.R.S. §§ 12-821, -821.01(B); *Watkins v. Arpaio*, 239 Ariz. 168, 173, ¶ 18 (App. 2016). Claims under 42 U.S.C. § 1983 must be brought within two years after accrual. *Wallace v. Kato*, 549 U.S. 384, 387

(2007) (state personal injury statute of limitations applies to § 1983 claims); A.R.S. § 12-542 (two-year limitations period for personal injury torts).

¶10            Ball's complaint was untimely on its face.  He stated the accrual date outright, contending that his "last damage claim" arose from the family court judgment entered in December 2020.  He confirmed this understanding in response to the State's motion to dismiss, tying his claims to allegedly false statements and documents that were "used in [the] December [ ] 2020 Family Court ruling . . . against him."  And there is little doubt that Ball knew or should have known the basis for his claims at that time given his allegation that he sent the "listed Defendants" a litigation hold letter to "preserve evidence related to this case" over a year before entry of the family court judgment.  The superior court thus properly concluded that Ball's causes of action accrued in December 2020, meaning Ball had until December 2021 to file his state-law claims and December 2022 to file his § 1983 claim.  *See* A.R.S. §§ 12-821, -542.  Ball filed the complaint at issue here in April 2023, well beyond those deadlines.

¶11            Ball argues that, because his 2021 complaint was timely filed, his April 2023 complaint was timely under Arizona's savings statute after the 2021 case was dismissed.  The savings statute gives six months after dismissal (even if outside the statute of limitations) for refiling an action that was initially timely filed but dismissed for certain reasons.  A.R.S. § 12-504(A).  But the savings statute does not automatically permit refiling an action that was dismissed for lack of prosecution (like the dismissal of Ball's 2021 case), and there is no indication that the superior court exercised its discretion to permit refiling here.  *See* A.R.S. § 12-504(A); *see also Jepson v. New*, 164 Ariz. 265, 274 (1990) (noting criteria for discretionary savings-statute relief).

¶12            Moreover, the savings statute gives a grace period of at most six months after dismissal for refiling.  A.R.S. § 12-504(A).  Ball's 2021 case was dismissed without prejudice in a judgment entered on October 25, 2022.  The savings statute would permit refiling until April 25, 2023 at the latest, but Ball did not file the complaint at issue here until April 28, 2023.

¶13            The superior court thus did not err by dismissing Ball's complaint with prejudice as to all moving defendants.

## CONCLUSION

**¶14** We affirm. As the prevailing parties, appellees are entitled to their taxable costs on appeal upon compliance with ARCAP 21. *See* A.R.S. § 12-341.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR